UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

<u>For Online Publication Only</u>

-----------------------------------------------------------------X
GEORGE WASHINGTON JR.,

                         Plaintiff,

           -against-

SUFFOLK COUNTY SHERIFF, *et al.*,

                       Defendants.
-----------------------------------------------------------------X

**ORDER**
21-CV-5765 (JMA) (SIL)

**FILED
CLERK**

4:32 pm, Apr 12, 2022

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

      Before the Court is the *in forma pauperis* application filed by George Washington, Jr.

("Plaintiff").   (*See* ECF No. 2.)   For the reasons that follow, the application to proceed *in forma*

*pauperis* is denied without prejudice and with leave to renew upon completion of the AO 239 Long

Form *in forma pauperis* application ("Long Form") attached to this Order.   Alternatively, Plaintiff

may remit the $402.00 filing fee.

      To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit

is sufficient which states that one cannot because of his poverty pay or give security for the costs

[inherent in litigation] and still be able to provide himself and dependents with the necessities of

life."   *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation

marks omitted).   The purpose of the statute permitting litigants to proceed *in forma pauperis* is to

ensure that indigent persons have equal access to the judicial system.   *Davis v. NYC Dept. of*

*Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC*

*Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)).

The determination of whether an applicant qualifies for *in forma pauperis* status is within the

discretion of the district court.   *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at

*1 (E.D.N.Y. Apr. 30, 2010) (citing *Choi v. Chemical Bank*, 939 F. Supp. 304, 308 (S.D.N.Y.

1996)).  The court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application to proceed *in forma pauperis*, filed together with the complaint, does not include any information concerning Plaintiff's financial position.  Although Plaintiff reports that he is employed by DC Consulting, he has not included any information concerning his wages or take-home pay.  (*See* ECF No. 2, ¶ 2.)  Plaintiff has also checked the box to indicate that, in the past 12 months, he has received income from "any other sources" but has not included the sources of such income or the amount as is required.  (*Id.* at ¶ 3.)  Further, rather than disclose the amount of money, if any, Plaintiff has in cash or in an account, any assets, and any debts or other financial obligations, Plaintiff wrote "do not remember now properly."  (*Id.* ¶¶ 4, 5, 8.)  As for expenses, the only reported regular monthly expenses disclosed by Plaintiff are for his mortgage and property taxes.  Wholly absent are any expenses for items such as utilities, food, and transportation.  (*Id.* ¶ 6.)  Further, although Plaintiff reports having three minor children who depend upon him for support, he has not included the amount he contributes towards their support as is requested on the form.  (Id. ¶ 7.)

As is readily apparent, in the absence of any information concerning Plaintiff's financial position, it is impossible to determine his qualification to proceed *in forma pauperis*.  Because the Court finds that Plaintiff can best set forth his current financial position on the Long Form, the present application to proceed *in forma pauperis* is denied without prejudice and with leave to renew on the Long Form within fourteen (14) days from the date of this Order.  Alternatively, Plaintiff may remit the $402.00 filing fee.  Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b).[1]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).      The Clerk of the Court shall mail a copy of this Order to the Plaintiff at his address of record.

**SO ORDERED**.

                                                            /s/ (JMA)_____
Dated:          April 12, 2022                  JOAN M. AZRACK
                   Central Islip, New York       UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is cautioned that there are no refunds of the filing fee, once paid, regardless of the outcome of the case.   Accordingly, Plaintiff is well-advised to consider the merit of his claims as well as any threshold issues such as any limits on the Court's jurisdiction to adjudicate his claims.   Plaintiff is encouraged to avail himself of the free resources provided by the *Pro Se* Legal Assistance Program run by Hofstra Law School and he may reach them by telephone at 631-297-2575 or by e-mail: PSLAP@hofstra.edu.

3